(No. 30451.

THE PEOPLE *ex rel.* Otto Kerner, Jr., United States Attorney, Petitioner, *vs.* RUSSELL W. KEENEY, Judge, Respondent.

*Opinion filed March 18, 1948.*

OTTO KERNER, JR., United States Attorney, JOHN PETER LULINSKI, and RAYMOND T. LOPATA, all of Chicago, for petitioner.

MARVIN WALLACH, of Chicago, for respondent.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

This is an original proceeding in *mandamus.* Peti-

tioner, Otto Kerner, Jr., the United States Attorney for the Northern District of Illinois, seeks this writ of *mandamus* to compel the respondent, Russell W. Keeney, as presiding judge of the county court of Cook County, to expunge from the records of that court, as void for want of jurisdiction to enter it, an order entered by him as such judge, on October 15, 1947, in the case pending before him entitled Lighting Products, Inc., an Illinois corporation, plaintiff, vs. George A. Fuller Co., a New Jersey corporation, defendant. The order sought to be expunged denied petitioner leave to file his appearance as counsel in behalf of the defendant corporation. Respondent, by counsel, has filed a motion to strike the petition for writ of *mandamus*, which motion is treated as a demurrer, and the case is considered upon the briefs filed and the exhibits attached thereto.

It appears that the George A. Fuller Co. entered into a cost-plus-fixed-fee contract with the War Department to erect a war plant at Decatur, Illinois. Subsequently, in January, 1944, the Fuller Co. granted a contract in the amount of $33,112.95 for certain lighting fixtures to the Markstone Manufacturing Co. However, Markstone was unable to complete the contract and assigned all of its right, title and interest thereunder to Lighting Products, Inc. At the conclusion of the job Lighting Products, Inc., claimed that certain switches were to be returned by the Fuller Co. in exchange for a different type furnished; that certain credits were to be granted to the Fuller Co. and that certain claims remained unadjusted. As a consequence of the disagreement it filed a complaint in the county court of Cook County alleging the Fuller Co. owed Lighting Products, Inc., the sum of $1659.36 for which recovery was sought. The Fuller Co. denied a privity of contract with Lighting Products, Inc., and claimed that its only contract was with Markstone and that Markstone had been paid in full.

The issues having been formed, the case was tried before the county court of Cook County. At the close of the plaintiff's case a motion for a directed verdict by the defendant was allowed and the suit was dismissed. From this order Lighting Products, Inc., appealed to the Appellate Court for the First District. (*Lighting Products, Inc.* v. *George A. Fuller Co.* 331 Ill. App. 618.) In a memorandum opinion, that court, after a review of the evidence, found that Lighting Products, Inc., had established a *prima facie* case of privity of contract between it and the Fuller Co. and held that the trial court erred in allowing the motion for a directed verdict for the defendant. That court then reversed the judgment and remanded the cause for a new trial. At this point the Attorney General of the United States directed the United States District Attorney, Northern District, to intercede as attorney for the Fuller Co. Private counsel for the Fuller Co. withdrew and the petitioner filed his motion for leave to appear in substitution of private counsel, in behalf of the Fuller Co., to which Lighting Products, Inc., objected. Respondent, as the presiding county judge, after hearing the arguments, denied the petitioner the right to intercede in behalf of the Fuller Co., on the theory that there was no privity of contract between Lighting Products, Inc., and the United States government, and that the Fuller Co. was not an agency of the United States government. The respondent at that time pointed out that he was not denying the United States District Attorney the right to intercede or appear in behalf of the government of the United States, as such, or to defend such interests of the United States as might be shown during the course of litigation. This proceeding now follows.

Both the petitioner and the respondent rely upon the recent decision of this court in *People ex rel. Woll* v. *Graber,* 394 Ill. 362. Each sees that case as analogous to the case at bar and favorable to his position. In the *Graber*

*case* an aggrieved contractor brought suit against one Francis R. Johlie and others, charging a conspiracy. Johlie was the Chief Civilian Naval Inspector, 9th Naval District, during World War II. The contractor claimed that as a result of an alleged conspiracy, its war products were rejected by the Naval District, and that in conspiring to reject their products Johlie had been acting in his individual capacity, and further that at the time of the suit Johlie was no longer employed by the Navy Department. Prior to any hearing on the issues or the filing of an answer, the United States District Attorney for the Northern District of Illinois, at the direction of the Attorney General, entered his appearance for Johlie and filed a motion to dismiss the complaint. The contractor filed a petition for a rule upon the United States District Attorney to withdraw as attorney for Johlie, which request was granted. The United States District Attorney then petitioned this court for a writ of *mandamus* ordering the judge of the superior court of Cook County to expunge the rule from the record for want of jurisdiction to enter it. Upon consideration the writ was allowed.

We pointed out there that while the Attorney General cannot maintain an action solely for vindication of private rights or redress of private grievances in which the public has no interest, he is authorized by statute (5 U.S.C.A. sec. 316,) to direct the appearance of a United States Attorney in any civil suit between private persons in which interests of the United States are involved, and he is authorized to determine when the interests of the United States are actually involved. Accordingly we held that where a statute gave the Attorney General discretionary power, upon his own opinion of certain facts, he was the exclusive judge of the existence of those facts, and the court could not substitute its discretion for that of the Attorney General, where there was no arbitrary or capricious use of his power. The facts of the *Graber case* showed that the

trial court ordered the withdrawal of the District Attorney before an answer to the complaint was filed and before any evidence was taken, thus making it apparent that the court had prejudged the issue of the United States' interest in the proceeding.

In the case at bar it is claimed by the respondent that the Fuller Co. was not an agent or an employee of the United States; that there was no privity of contract between Lighting Products, Inc., and the government of the United States; and that representatives of the War Department, in response to letters of inquiry, indicated that the contract with the Fuller Co. had been completed, the latter paid in full, and no further claims were pending. Respondent further urges that the interests of the United States, if any, are secondary and should be defended by a separate appearance of the United States government as a party. Petitioner, on the other hand, claims that the ultimate liability, if any, of the Fuller Co. will be borne by the United States due to the nature of the cost-plus-fixed-fee contract between the Fuller Co. and the United States; that the cost of defending the suit, including attorney fees, will also be passed along to the United States; that any judgment and cost must be met and paid out of tax moneys; and, as a result, the people and government of the United States have an immediate interest in the litigation, sufficient to require the United States District Attorney to intercede in behalf of the Fuller Co. Petitioner also calls attention to the fact that at the original trial between Lighting Products, Inc., and the Fuller Co. the latter had no opportunity to present its evidence, and argues that to that extent the county judge prejudged the question of interest of the government, or the absence thereof.

In the case at bar it is known that the Fuller Co. was not an instrumentality of the United States. However, the immediate interest or liability of the United States

in a judgment against its prime contractor, the Fuller Co., may be governed by the contract between the two. This contract is not of record in the trial court nor in this petition for writ of *mandamus*, it having been described as classified military information, publication of which would be a violation of security regulations. Of it we know only that it is a "cost-plus-fixed-fee" contract, which is defined as a contract under which one of the parties, (here the United States,) undertakes to pay all costs incurred by a second party in performance of his contractual duties, plus a fixed fee over and above such reimbursable services. (*Standard Oil Co.* v. *Fontenot,* 198 La. 644, 4 So. 2d 634.) We may assume that all the provisions of the contract are well known to the Attorney General and were, and are, unknown to the trial judge. The Attorney General was therefore in a better position to recognize the interest of the United States and to exercise his discretionary powers than was the trial judge. The latter may refuse the appearance of the District Attorney only when all of the facts are known to him and no reasonable doubt exists but that the United States has no direct interest in the outcome of the litigation. It is true that the representatives of the War Department may consider their contract with the Fuller Co. terminated and closed at this time; however, it is equally true that its provisions may still form a basis by which the United States would be held liable in litigation arising between contractors and subcontractors, after the completion of the contract.

The Attorney General of the United States in his discretion, based upon his opinion of the facts known to him, has seen fit to direct petitioner to represent the interests of the Fuller Co. As indicated above, little is known of the cost-plus-fixed-fee contract which binds Fuller Co. to the Federal government. Its very nature, however, gives rise to a reasonable inference that the United States could be held liable for the cost of additional payments to sub-

contractors, or for the costs of this litigation. The contract, or an allegation of its terms, was not before the trial court, and by the granting of a directed verdict at the close of the evidence of Lighting Products, Inc., the Fuller Co. was not afforded an opportunity to introduce evidence in its behalf. We are of the opinion, therefore, that not only was there a reasonable doubt which should have been resolved in favor of the Attorney General, but that the respondent prejudged the issue on the basis of the facts before him. It was error for respondent to deny petitioner the right to enter his appearance in behalf of the Fuller Co.

The writ of *mandamus* is therefore awarded commanding the respondent, as presiding judge of the county court of Cook County, to expunge the void order from the records of that court.