# Authority of the Department of Justice to Represent Members of Congress in a Civil Suit

The Attorney General has authority to represent members of the House of Representatives in a state court civil lawsuit if he determines that it would be in the interest of the United States to do so.

The question whether the congressmen should be represented by the Department is wholly discretionary and should be determined as a matter of policy.

March 26, 1953

MEMORANDUM OPINION FOR THE DEPUTY ATTORNEY GENERAL

A number of members of the House Committee on Un-American Activities, including the chairman, have been named as defendants in a suit in the California state courts by certain writers, actors, directors and other persons formerly employed in the motion picture industry. Although the complaint has not been examined in detail, it appears that the basic allegation is that certain producers and motion picture production companies conspired with the named members of the House Committee to deprive the plaintiffs of employment in the motion picture industry. The members of the House who are named in the suit are alleged to have acted both in their official and unofficial capacity in furtherance of the alleged conspiracy.

This memorandum is addressed to the question whether the Department may represent the congressmen in the defense of the suit.[1] It is concluded that authority to do so exists if it is determined that such action is appropriate as a matter of policy.

The statutes provide authority for the Attorney General and any other officer of the Department of Justice to appear in "any case in any court of the United States in which the United States is interested." 5 U.S.C. § 309. In addition, authority is conferred upon any officer of the Department directed by the Attorney General to do so "to attend to the interests of the United States in any suit pending in any of the courts of the United States, or in the courts of any States." 5 U.S.C. § 316. These statutes have been interpreted as granting to "the Attorney General broad

---

[1] This also involved the question whether the Department must represent the congressman pursuant to the provisions of 2 U.S.C. § 118, which provides:

> In any action brought against any person for or on account of anything done by him while an officer of either House of Congress in the discharge of his official duty, in executing any order of such House, the district attorney for the district within which the action is brought, on being thereto requested by the officer sued, shall enter an appearance in behalf of such officer; . . . and the defense of such action shall thenceforth be conducted under the supervision and direction of the Attorney General.

The question of the applicability of this provision is being considered by the Claims Division and it is assumed that that Division will advise you separately of its conclusion.

powers to institute and maintain court proceedings in order to safeguard national interests." *United States v. California*, 332 U.S. 19, 27 (1947).

No cases have been found in which the Department has undertaken to represent congressmen pursuant to this broad general grant of authority. However, an analogy is presented in the case of *Booth v. Fletcher*, 101 F.2d 676 (D.C. Ct. App. 1938). In that case an action was instituted against a large number of persons, including justices of the Court of Claims, and of the District Court of the United States for the District of Columbia, by a disbarred attorney, alleging his disbarment had been pursuant to conspiracy to injure him. The Department of Justice appeared for the justices, and the plaintiff contended that the action was against the defendants in their individual capacity and that the Attorney General was not authorized to represent them. The court, recognizing the right of the Attorney General to represent the justices, stated:

> The law provides that the Attorney General, whenever he deems it for the interest of the United States, may, in person, conduct and argue any case in any court of the United States in which the United States is interested, or may direct the Solicitor General or any officer of the Department of Justice to do so. It does not limit his participation or the participation of his representatives to cases in which the United States is a party; it does not direct how he shall participate in such cases; it gives him broad, general powers intended to safeguard the interests of the United States in any case, and in any court of the United States, whenever in his opinion those interests may be jeopardized. The Attorney General occupies no subordinate position when he elects to enter such a proceeding, whether in person or by his representatives. On the contrary, the law contemplates that— consistent with the proper interests of private litigants and, so far as concerns the interests of the United States—he shall have full control of the prosecution or defense of the case.

> Moreover, it is not the function of the trial court to supervise the Attorney General in the exercise of the discretion thus vested in him. In such cases he appears as an officer of the court it is true, but he appears also, and primarily, as the head of one of the great executive departments to protect the interests of the United States, under a special and extraordinary statutory authorization. As appellants in their brief well say:

>> Again, if the right of the Attorney General to act rests upon a judicial determination of the Court where the suit is pending that the asserted unlawful, illegal, or unauthorized acts were lawful and within the authority and in the discharge of official duty, then

> the discretion of the Attorney General could be exercised only at a time when the occasion for its exercise had passed.
>
> Throughout the years since the first Judiciary Act the Attorney General and his representatives have appeared on many occasions, in actions between private persons where the interests of the United States were involved, and in behalf of officers of the United States who were sued by others. Under the well recognized rule this uniform practice may properly be regarded as having been approved by Congress through the adoption of later statutes, and particularly by the sweeping provisions of Section 359 [of the Revised Statutes].

*Id.* at 681–82 (footnotes omitted).

The reasoning in *Booth v. Fletcher* was followed in *People ex rel. Woll v. Graler*, 68 N.E.2d 750 (Ill. 1946). In that case a former government employee was sued, allegedly in his individual capacity, for having conspired, while a contracting officer for the Navy Department, with a competitor of the plaintiff to procure the cancellation of certain contracts the plaintiff had with the Navy Department. The trial judge in the state court entered an order directing the United States Attorney to withdraw his appearance on behalf of the defendant. The Supreme Court of Illinois issued a writ of mandamus requiring the judge to expunge the order from the records as void. It did so on the theory that the Attorney General has authority to appear in any suit in which the interests of the United States are involved and the courts will not interfere with his determination that such interests are involved even though the suit is between private persons.

The *Fletcher* and the *Graber* cases appear to supply clear authority for the Department to represent the congressmen if it determines that to do so would be in the interests of the United States. Those cases indicate that, if that determination is made, it is irrelevant that the United States is not a defendant, that the defendants are officials of a branch of the government other than the Executive Branch, that defendants are being sued as individuals, and that the suit is in a state court.

It is true that the Attorney General is not authorized to represent the defendants solely to vindicate their private rights. However, the issue in the instant case appears to be whether their acts were lawful and authorized or whether they were illegal and outside the scope of their authorization. This was the issue in both the *Fletcher* case and the *Graber* case and in each case the court deferred to the preliminary determination of the Attorney General, made for the purpose of his decision to represent the defendants, that the alleged acts were authorized. In doing so they pointed out that any other course would prevent the Attorney General from exercising his discretion until it was too late.

The foregoing merely establishes that the Attorney General has authority to represent the congressmen if he determines that it would be in the interest of the United States to do so. It in no way requires him to. Unless 2 U.S.C. § 118

imposes such a requirement, the question whether the congressmen should be represented by the Department is wholly discretionary and should be determined as a matter of policy.

J. LEE RANKIN
*Assistant Attorney General*
*Executive Adjudications Division*