ARTHUR R. STRINGER, Petitioner-Appellant, *v.* CHARLES J. ROWE, Director, Illinois Department of Corrections, Respondent-Appellee.

Third District    No. 79-269

Opinion filed December 2, 1980.—Rehearing denied January 19, 1981.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, and John H. Reid and Randy E. Blue, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Tyrone C. Fahner, Attorney General, of Chicago (Maureen Cain, Melbourne A. Noel, Jr., and Thomas E. Holum, Assistant Attorneys General, of counsel), for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The sole question on review is whether the trial court properly determined that petitioner had been afforded due process during a Department of Corrections disciplinary proceeding which resulted in the loss of good time, placement in segregation and reassignment of security classification.

On October 20, 1967, Arthur Stringer, petitioner, was sentenced to a term of 50 to 100 years imprisonment for murder by the Circuit Court of Cook County, Illinois. He was remanded to the custody of the Illinois Department of Corrections and incarcerated at the Stateville Correctional Center. On April 18, 1978, petitioner was charged with possession of a weapon. A hearing on this charge was held on April 20, 1978. Petitioner was present at the hearing but made no plea, instead only stating, "I had to protect myself." As a result of the hearing petitioner lost six months statutory good time. The decision of the adjustment committee was based on its review of the charges, the hearing held, the ticket processed, petitioner's statement, the statement by the reporting correctional employee, the seriousness of the offense and the hearing itself held in compliance with the Department of Corrections Administrative Regulation 804. The adjustment committee report recited compliance with Administrative Rule 804. The discipline imposed was approved by Charles J. Rowe, Director of the Department of Corrections, on April 26, 1978.

On April 20, 1978, petitioner was again charged with possession of a weapon. A hearing on this charge was had on April 21, 1978, which the petitioner attended and indicated that he was guilty as charged but denied any attempt to stab anyone. As a result of the hearing petitioner was denied one year of good time. The basis for the April 21, 1978, decision was the ticket processed, petitioner's guilty plea, the statement of the reporting correctional employee, the seriousness of the offense, and the hearing itself. The discipline imposed was approved on April 27, 1978. The actions of the adjustment committee in regard to both charges were upheld by the Administrative Review Board of the Department of Corrections after a hearing on November 2, 1978. Both reports recited that the offense committed was a danger to the health and safety of the employees and residents and a threat to the security of the facility.

On June 30, 1978, petitioner filed a *pro se* petition for declaratory judgment in the Will County Circuit Court in which he alleged that the Department of Corrections had deprived him of statutory good time both

arbitrarily and capriciously and that he had been told of no reason as to why that action had been taken. On September 1, 1978, the Will County public defender was appointed to represent petitioner. On November 2, 1978, the *pro se* petition was dismissed pursuant to a motion made by counsel for petitioner. An amended petition was filed by counsel for petitioner on January 19, 1979, in which it was alleged that petitioner had been charged with possession of a weapon on April 18 and April 20, 1978. As a result of these hearings petitioner was placed on segregation status for a period of six months for the April 18, 1978, violation, to be followed by a six-month period in segregation for the April 20, 1978, violation. His security status was reduced from "B" grade to "C" grade for periods of six months and one year, to be served consecutively. Lastly, the petitioner stated that he was also denied a total of 18 months statutory good time. It was the request of the petitioner that he be restored to his predisciplinary status.

On February 23, 1979, the State moved to dismiss the petition, and apparently the petitioner was not present at the hearing on this motion. Counsel for petitioner told the trial court that the committee had followed Rule 804 and agreed that petitioner's contention was that the "* * * statutory regulations and statutory provisions * * * are not constitutionally sufficient to afford due process." On April 5, 1979, the trial court denied the petition, and petitioner now argues that the trial court's decision was based on its misperception of the allegations of his petition. He argues that his complaint was that the Department provided no basis or rationale for the disciplinary action taken.

In all cases which are initiated by a *pro se* petition, we must take great care to assure that we give due consideration to all arguments, however inartfully they may be raised. We will not, however, substitute our judgment for that of the administrative agency. *Mihalopoulos v. Board of Fire & Police Commissioners* (1978), 60 Ill. App. 3d 590, 376 N.E.2d 1105.

The State has argued that petitioner's counsel waived consideration of any issue of noncompliance with Rule 804 causing denial of due process. We, however, believe that the real thrust of the petitioner's argument is that he was not afforded due process because Rule 804 is not constitutionally sufficient to provide the same. In view of this interpretation we find no support for the State's contention that the petitioner has waived his right to have the trial court's action reviewed. We will therefore consider whether Rule 804 is sufficient to afford due process and if it is, whether the hearings on April 20, 1978, and April 21, 1978, afforded petitioner due process.

■■ Petitioner relies upon *Wolff v. McDonnell* (1974), 418 U.S. 539, 41 L. Ed. 2d 935, 94 S. Ct. 2963. The United States Supreme Court ruled in

*Wolff* that prisoners, during a disciplinary hearing, are not entitled to the full panoply of rights as are guaranteed to a defendant in a criminal trial. Before they can be deprived of good time, however, prisoners must be given advance notice of the charges against them, a written statement must be prepared by the factfinders as to the evidence relied upon and the reasons for the disciplinary action, and, further, prisoners must be allowed to present witnesses and documentary evidence in their defense if that presentation will not jeopardize prison safety or correctional goals. Petitioner on appeal concedes that Rule 804 satisfies these minimal due process requirements. Thus we rule that Department of Corrections Administrative Regulation 804, herein known as Rule 804, does afford due process.

■■ Petitioner also concedes that he was given notice of the charges against him 24 hours prior to the hearing; however, he complains that the written statement prepared by the adjustment committee was insufficient both under *Wolff* and under Rule 804 because it did not state the reasons for the committee's findings or the disciplinary action. We have reviewed the statements of the adjustment committee and find that they do meet the minimal requirements of due process. Written statements are required so that prisoners may defend themselves from further discipline based on a "misunderstanding of the nature of the original proceeding." (*Wolff v. McDonnell* (1974), 418 U.S. 539, 565, 41 L. Ed. 2d 935, 956, 94 S. Ct. 2963, 2979.) We believe that petitioner is asking for a more detailed statement than is required.

■■ Petitioner also complains that he was not allowed to present evidence in mitigation at the hearing. Apparently this is a result of the refusal of the committee to allow petitioner to argue at the hearing that he should not be deprived of his good time. Prisoners are allowed to present witnesses and documentary evidence at the disciplinary hearing so that they may defend themselves against the charges; however, they may not present arguments as to punishment.

We find no merit in any of the petitioner's arguments, but on the contrary find that he was afforded due process in the disciplinary hearings. He has suggested on appeal that he was not adequately represented in the trial court by appointed counsel. We do not believe it possible for counsel either by pleading or argument to create a meritorious claim where none theretofore exists.

For the reasons stated above the judgment of the Circuit Court of Will County is hereby affirmed.

Affirmed.

ALLOY, P. J., and BARRY, J., concur.