KENNETH P. TAYLOR, Petitioner-Appellant, *v.* GAYLE FRANZEN *et al.*, Respondents-Appellees.

Fifth District    No. 80-3

Supplemental opinion filed on denial of rehearing May 28, 1981.*

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE KARNS delivered the opinion of the court:

On rehearing, the respondent contends that the writ of *mandamus* ordered by this court is inappropriate because it would require the Prison

---

* The original opinion is found at 93 Ill. App. 3d 758.

Review Board to act beyond the scope of its authority by holding a hearing to determine whether the petitioner's work-release status was properly revoked. We have not so held.

Rather, we have held that a substantial amount of the petitioner's good conduct time was revoked in violation of specific mandatory requirements of the regulations of the Department of Corrections, which were promulgated pursuant to statutory mandate. These violations are sufficiently explained in our original opinion and need not be recounted here. The fact that the revocation of good conduct time arose from an incident and proceedings relating to the revocation of work-release status is collateral to our decision. The regulatory violations delineated in our decision pertain to the revocation of good conduct time, *not* the revocation of work release status.

Among other functions, the Prisoner Review Board is the board of review for cases involving the revocation of good conduct credits. (Ill. Rev. Stat. 1979, ch. 38, par. 1003—3—1(a)(2).) The Board is also authorized to review the conditions and length of a term of mandatory supervised release. (Ill. Rev. Stat. 1979, ch. 38, pars. 1003—3—7, 1003—3—8.) As already noted in our original opinion, apparently the petitioner's mandatory supervised release at present is not scheduled to end until January 17, 1983. If the Board were to determine that the good conduct time in question was improperly revoked, the length of the mandatory supervised release term would be shortened.

The respondent also contends on rehearing that *mandamus* is an inappropriate remedy. However, this issue has been resolved to the contrary in our original opinion.

For the reasons stated herein and in our original opinion, the judgment of the Circuit Court of Randolph County is reversed and the cause is remanded to the Circuit Court of Randolph County with directions to issue a writ of *mandamus* requiring the Prison Review Board to hold a hearing to determine whether there was a proper basis for revoking the petitioner's good conduct time, or whether all or part of that good conduct time should be restored and the petitioner's term of mandatory supervised release adjusted accordingly.

HARRISON and WELCH, JJ., concur.