UNITED STATES of America ex rel. Milton JOHNSON, Petitioner,

v.

Paul J. KLINCAR, Acting Chairman, Illinois Prisoner Review Board, Respondent.

No. 82 C 7036.

United States District Court, N.D. Illinois, E.D.

March 16, 1983.

Milton Johnson pro se.

Tyrone C. Fahner, Atty. Gen., Michael Weinstein, Asst. Atty. Gen., Chicago, Ill., for defendant.

## ORDER

ROSZKOWSKI, District Judge.

Before the court is respondent's motion to dismiss petitioner Johnson's Petition for a Writ of Habeas Corpus. This court has jurisdiction pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the motion to dismiss is granted, without prejudice, and with leave to reinstate once petitioner has exhausted his state remedies by seeking a writ of mandamus in the state courts.

Johnson seeks habeas relief on the grounds that the denial of his parole violated the *ex post facto* clause, due process, and equal protection. The state has moved to dismiss on the grounds that petitioner has failed to exhaust available state remedies with respect to his due process claim that the state failed to comply with the requirements of Chapter 38, § 1003–5–1(b) of the Illinois statutes.

The state argues that Johnson could have sought a writ of mandamus in the state courts to compel the parole board to state the factual information relief upon by the board in making its determination. Chapter 38, § 1003–5–1(b) of the Illinois statutes read as follows:

> If the Department or the Prisoner Review Board makes a determination under the Code which affects the length of the period of confinement or commitment, the committed person and his counsel shall be advised of factual information relied upon by the Department or Board to make the determination....

The state alleges that mandamus is available to require the parole board to comply with this procedural mandate.

The policy behind the exhaustion requirement was recently set forth in *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). In that case the Court held that a district court must dismiss "mixed petitions" containing both exhausted and unexhausted claims. The Court explained that the principle of comity underlies the exhaustion requirement.

"The exhaustion requirement is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Id.* 102 S.Ct. at 1203.

The Court also cited *Duckworth v. Serrano,* 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981), wherein the Court stated that the exhaustion requirement

"serves to minimize friction between our federal and state systems of justice by allowing the state an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights. [citations omitted]. An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."

This principle of limiting federal interference to circumstances in which it is necessary to protect federal rights guides this court in determining whether or not petitioner has exhausted his state remedies.

The exhaustion requirement does not, however, erect "insuperable or successive barriers to the invocation of federal habeas corpus." *Wilwording v. Swenson,* 404 U.S. 249, 252, 92 S.Ct. 407, 409, 30 L.Ed.2d 418 (1971). Nor does the "mere possibility of success in additional proceedings bar federal relief." *Id.* at 252, 92 S.Ct. at 409. The exhaustion requirement is "merely an accommodation of our federal system designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Id.* at 252, 92 S.Ct. at 409. The policy reason for so limiting the exhaustion requirement is to ensure that prisoners' substantive federal rights are not strangled by endless procedures without a reasonable prospect for relief. Justice delayed may be justice denied.

■ The writ of mandamus is generally held to be an extraordinary remedy. *People ex rel. Cantu v. School Directors,* 58 Ill.App.2d 282, 208 N.E.2d 301 (1965); *People ex rel. Hoagland v. Streeper,* 12 Ill.2d 204, 145 N.E.2d 625 (1957). One seeking the writ must show a clear right to it. *Wilson*

*v. Board of Education,* 394 Ill. 197, 68 N.E.2d 257 (1946).

■ Absent authority demonstrating the availability of mandamus as a remedy, the fact that the remedy is unusual and extraordinary would require this court to hold that it need not be pursued to meet the exhaustion requirement. There is, however, authority indicating that mandamus is available in situations similar to the case at bar. In *People ex rel. Abner v. Kinney,* 30 Ill.2d 201, 195 N.E.2d 651 (1964), the Illinois Supreme Court held that mandamus was an appropriate remedy to compel the Illinois parole board to grant a prisoner eligible for parole a hearing to determine whether he should be released on parole. In so holding, the Court said:

"The first Illinois Parole Act was passed in 1885; its constitutionality was upheld several years later in 1897, [citation omitted]. That act and all subsequent parole acts contain *provisions relating to procedures before the Board,* including the time for eligibility to apply for parole. *These provisions have always been viewed as creating mandatory duties on the Board.*" (emphasis added). *Id.* 195 N.E.2d at 653–54.

It would seem that the requirement that the parole board provide the committed person and his counsel with the "factual information relied upon ... to make the [parole] determination" is one of the procedures which the board is under a mandatory duty to follow. As a writ of mandamus may be used to compel a public officer "to perform some public duty which the relator is entitled of right to have performed and which the party owing the duty has failed to perform," *People ex rel. Heydenreich v. Lyons,* 374 Ill. 557, 30 N.E.2d 46 (1940), it would appear that mandamus is an appropriate remedy.[1]

---

1. It could be argued that the fact that petitioner has a substantial likelihood of obtaining the relief he seeks under the state *statute* is irrelevant to the issue of whether petitioner has exhausted his state remedies. The proposition would be that if there is no reasonable prospect for relief in the state courts based on a *federal*

*Constitutional* theory, then petitioner has exhausted his state remedies. The passages from *Rose v. Lundy* and *Duckworth v. Serrano,* cited previously in this order to show that the principle of comity underlies the exhaustion requirement, do indeed refer to protection of the state courts' role in correcting violations of "federal"

There is also Illinois authority suggesting that mandamus is available in situations similar to the case at bar as a remedy for claims of constitutional violations. In *U.S. ex rel. Isaac v. Franzen*, 531 F.Supp. 1086 (N.D.Ill.1982), the Court found that because the petitioner for a writ of habeas corpus had failed to seek a writ of mandamus to challenge, based on due process, the revocation by state prison authorities of good conduct credits in disciplinary hearings, he had not exhausted his state remedies. The Court based its decision on several Illinois cases which suggested that mandamus would lie to compel prison officials to comply with duties owed under the federal constitution.

In *Tedder v. Fairman*, 93 Ill.App.3d 948, 49 Ill.Dec. 447, 418 N.E.2d 91 (1981), the Court considered consolidated appeals of a prisoner who sought to compel prison officials to provide him with medical care for alleged psychological problems, and of a prisoner who sought an interprison transfer to protect him from gang violence. The court held that the prisoners' allegations were sufficient to state claims under the Eighth Amendment of the U.S. Constitution. Reasoning that the state prison authorities had no discretion to violate constitutionally protected rights, the Court further found that the statutory mandamus procedure was available to compel prison officials to comply with duties owed under the federal Constitution. Also see *Taylor v. Franzen*, 93 Ill.App.3d 758, 48 Ill.Dec. 840, 417 N.E.2d 242, affd. on rehearing 93 Ill. App.3d 1152, 51 Ill.Dec. 645, 420 N.E.2d 1203 (1981), and *People ex rel. Stringer v. Rowe*, 91 Ill.App.3d 134, 46 Ill.Dec. 582, 414 N.E.2d 466 (1980).

In view of the *Kinney, Isaac, Tedder,* and the other cases cited, it is clear that there exists more than a "mere possibility" of state court relief. Indeed, there is a substantial likelihood that it is available. In contrast with *Swenson,* the state courts here have not had an opportunity to first pass upon and correct the alleged violation of federal rights. Moreover, it would be preferable to resolve this issue in state court under state statute than in federal court under the Constitution. To give the state courts a first opportunity to pass on the issue, the petition must be dismissed without prejudice.

While it appears that mandamus would be available to petitioner, the question is not entirely free of doubt. No Illinois cases have come to this court's attention on the issue of whether mandamus is available to compel the parole board to state the facts upon which it relied in reaching its determination. Because the issue appears to be one of first impression, petitioner would be well advised to seek appointment of counsel by the state. The question of the availability of mandamus will be better researched, presented and argued if counsel is appointed. While we assume that the Attorney General's contention that mandamus is available was made in good faith and that the Attorney General will maintain a consistent position in the state court proceedings, appointing counsel should help ensure this consistency and otherwise prevent any prejudice to petitioner's federal rights.

For these reasons, respondent's motion to dismiss is granted, without prejudice and with leave to reinstate the petition once petitioner has exhausted his state remedies by seeking a writ of mandamus in the state courts.

rights. It is unclear, however, whether these cases intended to limit the requirement of exhaustion of state remedies to exhaustion of state remedies for claims which solely allege violations of federal constitutional law.

There is just as much "disruption of state judicial proceedings" *Rose v. Lundy*, 102 S.Ct. at 1203, and just as much "friction between our federal and state systems of justice" created where the federal courts review habeas claims for which state court relief is available under state statute as there is where state court relief is available under federal law. Hence, there would be no reason to say that there has been exhaustion in the former, but not in the latter. Other courts have found that the failure to exhaust a state statutory remedy constitutes failure to exhaust remedies. *Rivers v. Martin*, 484 F.Supp. 162 (W.D.Va.1980).