**UNITED STATES ex rel. Norman BROWN, Petitioner,**

v.

**Kenneth L. McGINNIS, et al., Respondents.**

**No. 83 C 3454.**

United States District Court, N.D. Illinois, E.D.

Feb. 28, 1984.

Norman Brown, pro se.

Neil F. Hartigan, Atty. Gen. of Ill., Chicago, Ill., for respondents.

## MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge:

Petitioner Norman Brown brings this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents Kenneth L. McGinnis and the Illinois Prisoner Review Board ("the Board") answer the application pursuant to Rule 5, governing § 2254 cases in the United States District Courts, by claiming that Brown has not exhausted the state remedies available to him under the statutes and procedural rules of Illinois. Specifically, respondents claim that "petitioner has an available avenue of state court relief in the state writ of mandamus." (Respondent's Answer p. 2.) Respondents further answer that petitioner's transcripts of conviction are not relevant to petitioner's application, but do not answer substantively any of the application's allegations.

In his application, Brown does not challenge the constitutional validity of his conviction. Rather, he claims that the statement of reasons provided by the Board for denying him parole in April 1983 were constitutionally deficient for several reasons. The court dismissed Brown's original application in an opinion of June 9, 1983. *Brown v. McGinnis, et al.,* No. 83 C 3454, slip op. (N.D.Ill. June 9, 1983). There the court held that in denying Brown's parole, the Board's statement of reasons and facts supporting those reasons satisfied due process. The cover sheet to Brown's parole denial contains a list of the three reasons why parole may be denied and, under each reason a list of factors relevant to that reason. Boxes listed opposite these reasons and factors are unchecked on Brown's cover sheet. Instead, an attached "Rationale" explains that Brown is a poor risk in the free community and mentions some facts about Brown's crime. The court found that the Board's denial of parole was based upon the substantial risk that Brown would not be able to conform to the reasonable conditions of parole. In reaching that conclusion, the Board properly considered not the seriousness of Brown's offense, but the particular nature of the crime. The court concluded that because the reasons and factors for the denial of Brown's parole request were constitutionally sufficient and proper, Brown failed to state a violation of federal law. His application was dismissed.

Pursuant to a motion to reconsider its June 9, 1983 ruling, the court again found that Brown's original application did not state a constitutional claim. However, responding to new arguments presented by Brown, the court found that one aspect of Brown's parole denial may have been constitutionally deficient. While Brown was provided a permissible reason for the denial of his parole request, see Ill.Rev.Stat. ch. 38, § 1003-3-5(c)(1), and was provided with the factual basis supporting that reason, *see Scott v. Illinois Parole and Pardon Board,* 669 F.2d 1185, 1191 (7th Cir.) *cert. denied,* 459 U.S. 1048, 103 S.Ct. 468, 74 L.Ed.2d 617 (1982), there is no indication that the supporting facts are among the factors listed by the Board in their own rules as relevant to the finding that Brown would not yet be able to conform to the reasonable conditions of parole. *Brown v. McGinnis, et al.,* No. 83 C 3454, slip op. at 6 (N.D.Ill. September 8, 1983).

Rules Governing Parole were promulgated pursuant to Ill.Rev.Stat. ch. 38, § 1003-3-2(d). Rule V, entitled "Basis for Denying Parole," lists the three statutorily prescribed reasons for denial with a set of

factors under each reason for the Board to consider in determining whether the reason is met. *Id.* at 3–4. Rule VII states that an order denying parole "shall contain the reason or reasons for denial based on No. V above and a concise statement of facts supporting the reason or reasons given." The court noted that it interpreted Brown's denial as based on § 1003–3–5(c)(1). The Board's statement of rationale for denial, however, did "not indicate reliance on any of the factors listed under the 'substantial risk' criterion as they appear in Rule V or on the preprinted form." *Id.* at 6.

The court concluded that two legal issues were presented by the Brown application. First, a question was raised as to whether the set of factors listed in Rule V under each of the three criteria is exclusive so that the Board must grant parole if "it does not rely on a statutory reason based on one or more of the underlying factors." If the set under each factor is exclusive, another question is raised as to whether the Board is constitutionally required to follow Rule V. *Id.* As some support existed for finding the factors exclusive and the Board bound by its own rules, the court granted Brown's motion for reconsideration and reinstated the case.

■ Implicit in the September 8, 1983 opinion is that if the Rule V factors are not exclusive, Brown will not have stated a claim since, according to the June 9 opinion, he was properly provided with a statutorily mandated reason for the denial of parole with an indication of the factors supporting that reason. If Rule V's factors are exclusive, a question is raised as to whether the Board followed its own rules. The Rationale's factor is not one of those listed under the reason provided for Brown's denial. Hence, it would appear that the rule was violated, although the court's September 8 opinion suggests that the Rationale is confusing on this point. In any case, to be cognizable in this court, the violation of Rule V must also have violated federal law. 28 U.S.C. § 2254(a). Hence, even were the court to determine that Rule V's factors are exclusive and that they were violated in this case, the court would also have to reach the issue of whether the Board must, under federal law, comply with its own rules. Respondents argue vigorously that these issues should first be presented to the Illinois state courts for review in a petition for mandamus. 28 U.S.C. § 2254(b), (c).

■ Under 28 U.S.C. § 2254, federal courts should require the exhaustion of state remedies that are neither futile nor deficient. *Duckworth v. Serrano*, 454 U.S. 1, 102 S.Ct. 18, 70 L.Ed.2d 1 (1981); *Echevarria v. Bell*, 579 F.2d 1022, 1026–27 (7th Cir.1978). Moreover, where the state remedy is conjectural, a petitioner may not be required to exhaust it. *Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971). However, the exhaustion requirement of § 2254(b) and (c) does not compel the court to predict the outcome of the available state court remedy. *See Moore v. Duckworth*, 581 F.2d 639, 644 (7th Cir.1978), *aff'd*, 443 U.S. 713, 99 S.Ct. 3088, 61 L.Ed.2d 865 (1979); *U.S. ex rel. Isaac v. Franzen*, 531 F.Supp. 1086, 1093 (N.D.Ill.1982). This circuit has once refused to require a petitioner under 28 U.S.C. § 2254 to exhaust a state mandamus remedy as the strict conditions for the issuance of the writ—a clear right to relief and a showing that defendants had a preexisting duty to grant the relief—were not present. *U.S. ex rel. Morgan v. Sielaff*, 546 F.2d 218, 222 (7th Cir.1976). The court must therefore address petitioner's claim that a mandamus remedy in state court is not available to rectify the constitutional violations he alleges.

Other cases in which prisoners have applied to courts in this district for habeas corpus relief from allegedly constitutionally deficient denials of parole have been dismissed for failure to exhaust state remedies. *E.g.*, *U.S. ex rel. Reese v. Illinois Prisoner Review Board*, No. 82 C 6353, slip op. at 3–4 (N.D.Ill. October 25, 1983) (Board allegedly violated due process by failing to provide petitioner with adequate statement of reasons for denial of parole); *U.S. ex rel. Williams v. DeRobertis*, No. 83

C 3679 (N.D.Ill. October 6, 1983); *U.S. ex rel. Barksdale v. Thompson*, No. 83 C 1946 (N.D.Ill. April 14, 1983); *U.S. ex rel. Johnson v. Klincar*, 572 F.Supp. 924 (N.D.Ill. 1983). Such cases concern whether the Board's rationale for denial of parole satisfied the due process mandates of *Scott*. Presumably in the resulting mandamus action the court would evaluate the particular Board rationale against federal due process requirements and, if the rationale were found deficient, order the Board to comply with the law and issue a proper statement of reasons or release the prisoner.

■ Here, were the court to require petitioner to seek mandamus, the state court would be faced with the interpretation of Rule V, whether it was followed in Brown's case, and if not, whether Brown's federal due process rights were thereby violated.

The court concludes that the state court would likely entertain Brown's action in a mandamus hearing. Although mandamus is an extraordinary remedy, *People ex rel. Hoagland v. Streeper*, 12 Ill.2d 204, 145 N.E.2d 625, 632 (1957), that will issue only upon a clear showing of rights to an official's performance of an unquestioned duty, *People ex rel. Heydenreich v. Lyons*, 374 Ill. 557, 567–68, 30 N.E.2d 46, 52 (1940), it is not necessary to demonstrate with certainty that the writ would issue before the court may require this avenue exhausted, *U.S. ex rel. Williams v. DeRobertis*, No. 83 C 3679, slip op. at 3 (N.D.Ill. October 6, 1983); *U.S. ex rel. Taylor v. Welborn, et al.*, No. 83 C 3358, slip op. at 12 (N.D.Ill. January 10, 1984).

Here, Brown seeks to require the Board to follow its rules for parole denial. In *Taylor v. Franzen*, 93 Ill.App.3d 758, 417 N.E.2d 242, 48 Ill.Dec. 840 (Fifth Dist. 1981), *aff'd on rehearing*, 93 Ill.App.3d 1152, 420 N.E.2d 1203, 51 Ill.Dec. 645 (1981), the Illinois Appellate Court found mandamus the appropriate remedy for petitioner Taylor's allegation that his good time credit was revoked in violation of the Department of Corrections' own rules. The Department of Corrections was required to prescribe rules governing the granting and revocation of good time credits. According to Taylor, the administrative procedures prescribed by the enacted rules for such revocation were not followed in his case.

On review of the circuit court's denial of mandamus, the Illinois Appellate Court interpreted the rules allegedly violated and found that the administrative proceedings in Taylor's case did not comport with those rules. The Court concluded that a new hearing should be held to comply with the rules. Although Taylor raised a federal due process claim, the Court's decision found that it could "address petitioner's allegations that applicable regulations were violated independent of his federal constitutional claims." 48 Ill.Dec. at 843, 417 N.E.2d at 245.

As support for its finding that "mandamus is the correct remedy to carry out our mandate [in granting a new hearing]," *id.* at 845, the Court cited *People v. Kinney*, 30 Ill.2d 201, 195 N.E.2d 651 (1964). There, the Illinois Supreme Court found mandamus to be the appropriate vehicle to compel the Parole and Pardon Board to hold a hearing to determine a prisoner's eligibility for parole. The Supreme Court also "implied that mandamus would be appropriate to compel prison officials to follow their internal rules." 48 Ill.Dec. at 845, 717 N.E.2d 247 (citing *People ex rel. Johnson v. Pate*, 47 Ill.2d 172, 265 N.E.2d 144, *cert. denied*, 402 U.S. 976, 91 S.Ct. 1679, 29 L.Ed.2d 141 (1971)).

This action presents a stronger case for exhaustion of the mandamus remedy than was before the courts in *Reese, Williams, Thompson*, and *Johnson*. There, as discussed above, violations of federal constitutional rights, in specific those established in *Scott*, were at issue. Here, a violation of state law forms the basis for the federal constitutional claim. Courts refusing to require exhaustion of the mandamus remedy under such facts have done so by noting that it was unlikely that Illinois courts would entertain an action in mandamus to redress federal constitutional rights in the parole denial process. *U.S. ex rel. John-*

son v. McGinnis, 571 F.Supp. 270, 279–80 (N.D.Ill.1983) (Shadur, J.); *U.S. ex rel. King v. McGinnis,* 558 F.Supp. 1343, 1345 (N.D.Ill.1983) (Aspen, J.). In *King,* the petitioner argued that the Board's failure to explain the acts underlying its denial of his parole request violated the federal due process clause. In addition, the petitioner asserted that this failure also violated Illinois law. The court held that such a violation was not stated, but was uncertain as to its authority to decide this issue. 558 F.Supp. at 1347 & n. 3. In *Johnson,* the court specifically distinguished its holding from cases in which mandamus was used to "compel officials to perform acts specifically required by state law. Respondents do not cite statutes or regulations that require compliance with the specific due process demands articulated in [*Scott*] ...." 571 F.Supp. at 279 n. 2.

One court in this district agreed with the conclusion of *King* and *Johnson* that state mandamus remedies need not be exhausted by petitioners under 28 U.S.C. § 2254 for constitutional violations in the denial of parole. *See Taylor v. Welborn, supra.* That court agreed with my finding that the Illinois courts would reach the federal constitutional issues raised by petitioners like Brown. *Id.* at 12. (There, the petitioner alleged violations of *Scott* and not, as here, violations of Illinois law and regulations.) However, justifying its refusal to require the petitioner to exhaust the mandamus action, the court relied on the principle of Illinois law that "[w]rits of ... mandamus are normally to be awarded only in rare instances where none of the ordinary remedies is available or adequate." *Id.* (citing *Hughes v. Kiley,* 67 Ill.2d 261, 266, 10 Ill.Dec. 247, 249, 367 N.E.2d 700, 702 (1977)). The court then noted that a remedy under the Civil Rights Act of 1871, 42 U.S.C. § 1983, was available to petitioner in state court. That availability was found sufficient "to cast serious doubt on the availability of mandamus in a case such as the present." *Taylor v. Welborn* at 13 n. 7. While this remedy persuaded that court that the state court would probably not hear petitioner's mandamus claim, it con-

cluded, and this court agrees, that the federal courts would not require a petitioner to exhaust a state § 1983 claim before maintaining a § 2254 action. Hence, the court in *Taylor v. Welborn* reached the merits of petitioner's claim under § 2254.

■ The court is not persuaded, however, that the availability of a § 1983 claim would convince the Illinois court not to hear a petition for mandamus in this case. First, the exhaustion of "ordinary" remedies is only an important, and not a conclusive, factor to be considered when a court is asked to issue a writ of mandamus. *People ex rel. Woll v. Graber,* 394 Ill. 362, 68 N.E.2d 750 (1946). There, the Illinois Supreme Court stated that "[t]he existence of another and adequate remedy, while no bar to relief, [citation omitted] may be of importance in determining whether we will assume jurisdiction in a particular case...." *Id.* at 368, 68 N.E.2d 750. Second, the court can find no Illinois cases indicating that a federal claim that may be brought in state court is the type of "ordinary" remedy that must be exhausted before a state court will hear a mandamus action. Furthermore, the Illinois Supreme Court has waived this "exhaustion" requirement of mandamus when novel issues or issues "of considerable importance to the administration of justice" are present. *People ex rel. Carey v. Covelli,* 61 Ill.2d 394, 400–401, 336 N.E.2d 759 (1975) (mandamus action allowed as substitute for appeal); *see People ex rel. Sears v. Romiti,* 50 Ill.2d 51, 54–55, 277 N.E.2d 705 (1971). Fourth, Illinois courts have indicated that they would consider simultaneous claims under § 1983 and for mandamus, without any indication that a determination of the former need precede one of the latter, or that the claims should be brought in two separate actions, with the § 1983 claim brought first. *See Tedder v. Fairman,* 93 Ill.App.3d 948, 418 N.E.2d 91, 49 Ill.Dec. 447 (Fourth Dist.1981), *rev'd in part on other grounds,* 92 Ill.2d 216, 441 N.E.2d 311, 65 Ill.Dec. 398 (1982); *Alberty v. Daniel,* 25 Ill.App.3d 291, 323 N.E.2d 110 (First Dist.1974). The court notes further that

were it to hold that petitioner need not exhaust the state mandamus remedy, the state courts would rarely have the opportunity to consider constitutional violations in the administration of their parole law and regulations. Unlike § 2254 actions collaterally attacking state court convictions, a challenge of a parole determination has not been considered by each level of the Illinois courts. A § 2254 action is therefore likely to be the first challenge to the Board's decision. The court is hesitant to allow the petitioner to avoid this avenue when it may result in practically denying the state court to examine the constitutionality of the substance and administration of its own laws. *See Moore v. Duckworth, supra; cf. Williams v. Perini,* 557 F.2d 1221, 1224 (6th Cir.1977). The possibility that Illinois courts will refuse to hear Brown's mandamus action before he exhausts any § 1983 remedy is sufficiently in doubt that the court is persuaded resort to mandamus is not futile, deficient, or inadequate.

The court therefore holds that Brown must exhaust his mandamus remedy. First, Brown has stated a claim for violation of state law. The interpretation of that law and of the merits of Brown's allegations are properly for the state court to decide on a writ of mandamus. Here, the interpretation and application of the Board's regulations are in question. This was also the type of claim under consideration in *Taylor.* In *Taylor,* the petitioner alleged that the process by which he was deprived of good time credit violated both a prison regulation and his right to due process. The court decided only the former issue, probably, as was suggested by the district court in *Isaac,* following Illinois' policy "of avoiding a constitutional question when the merits of a case may be resolved on nonconstitutional grounds...." *Isaac,* 531 F.Supp. at 1092 (discussing *Taylor*). Here also, if petitioner brings his action to an Illinois court for a writ of mandamus, the court would have before it petitioner's claim that a state regulation was violated and that such violation infringed on his federal due process rights. That the Illinois court, in the mandamus

hearing, may avoid the constitutional issue and decide only the state law issue should not be a reason to refuse to require exhaustion in this case. Were the Illinois court to find the regulation violated, petitioner would have the same relief he would get in this court, namely, a new parole determination. Second, the court has determined that the Illinois courts would be unlikely to require Brown to exhaust a state § 1983 claim before bringing his mandamus action.

The court is not persuaded that mandamus is unavailable to Brown as a remedy for alleged violations of the Board's rules for denial of parole. This application for a writ of habeas corpus is therefore dismissed for failure to exhaust state court remedies.

It is so ordered.