NEIL EPSTEIN, Petitioner-Appellant, v. MICHAEL LANE, Director, Department of Corrections, Respondent-Appellee.
Third District No. 3—88—0744

Opinion filed September 22, 1989.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.

Neil F. Hartigan, Attorney General, of Springfield, and Edward Burmila, State's Attorney, of Joliet (Kimary Lee, Assistant Attorney General, of Chicago, and John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellee.

JUSTICE HEIPLE delivered the opinion of the court:
The petitioner, Neil Epstein, appeals from an order of the trial court dismissing his petition for a writ of *habeas corpus*. The petition alleged that on April 4, 1986, the petitioner escaped from the custody

of the Illinois Department of Corrections (Department), was subsequently apprehended, and was thereafter convicted on a criminal charge of escape. The petition further alleged that in a separate proceeding the petitioner was also found guilty of several departmental violations, including escape. As a result of those violations, the Department revoked 360 days of his accumulated good-time credit.

The petitioner contended in his petition that his due process rights had been violated in the second proceeding. He alleged that his prison counselor had initiated the criminal escape charge against him, had testified against him before the grand jury which indicted him on that charge, then had served as the chairman of the hearing committee which revoked his good-time credit. The petitioner contended that he had therefore been denied an impartial hearing.

The respondent, Michael Lane, Director of the Department of Corrections, filed a motion to dismiss the petition, contending that it failed to state a cause of action. (Ill. Rev. Stat. 1987, ch. 110, par. 2–615.) The trial court granted the respondent's motion. The petitioner appeals, arguing that the court erred.

Initially, we note that the respondent has raised the argument that a writ of *habeas corpus* is not the proper remedy here, since the petitioner would not be entitled to release even if his good-time credit were reinstated. We find the resolution of this argument inconsequential, since in any event section 10–121 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 10–121) provides for liberal amendment of pleadings in these cases.

■ Turning to the merits of this appeal, we note that in determining the legal sufficiency of a complaint on a motion to dismiss, all well-pleaded facts, together with all reasonable inferences that can be drawn from those facts, must be taken as true. (*Denkewalter v. Wolberg* (1980), 82 Ill. App. 3d 569, 402 N.E.2d 885.) The reviewing court must determine whether the allegations in the complaint, when viewed in the light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief may be granted. (*Hoffman v. Allstate Insurance Co.* (1980), 85 Ill. App. 3d 631, 407 N.E.2d 156.) Therefore, we must determine whether the instant petitioner's allegations, when taken as true, were sufficient to state a cause of action for a due process violation.

■ An inmate facing the possible revocation of his good-time credit is entitled to a hearing conforming with due process. (*Wolff v. McDonnell* (1974), 418 U.S. 539, 41 L. Ed. 2d 935, 94 S. Ct. 2963.) An impartial decision maker is an important due process requirement. (*Wolff v. McDonnell* (1974), 418 U.S. 539, 41 L. Ed. 2d 935, 94 S. Ct.

2963.) Due process in the context of a prison disciplinary proceeding prohibits those officials who have a direct personal or otherwise substantial involvement, such as major participation in a judgmental or decision-making role in the circumstances underlying the charge, from sitting on the disciplinary body. (*Redding v. Fairman* (7th Cir. 1983), 717 F.2d 1105.) Moreover, Illinois Department of Corrections regulation 504.80(d) specifically provides:

> "A person(s) who initiated the allegations which serve as the basis for the Disciplinary Report, or who conducted a formal investigation into those allegations, or who witnessed the incident, shall not serve on the Adjustment Committee hearing that Disciplinary Report." 20 Ill. Adm. Code 504.80(d) (1985).

█ The respondent concedes that the petitioner's counselor played a role in initiating the charges against him and served on the adjustment committee responsible for revoking his accumulated good time. However, it argues that this dual role did not by itself amount to a due process violation, because State administrators are presumed to be men of conscience and intellectual discipline and thus capable of judging a particular controversy fairly on the basis of its own circumstances. (*Grissom v. Board of Education* (1979), 75 Ill. 2d 314, 388 N.E.2d 398.) The respondent contends that under the *Grissom* holding the petitioner must show more than the mere possibility of bias.

We do not find *Grissom* controlling in the instant case. *Grissom* involved a tenured teacher who was fired from his position, rather than a prisoner facing the revocation of his good-time credit. The United States Supreme Court has held that in determining what constitutes due process, procedural rules designed for free citizens in an open society cannot automatically be applied to the very different situation presented by a disciplinary proceeding in a State prison. (*Hewitt v. Helms* (1983), 459 U.S. 460, 74 L. Ed. 2d 675, 103 S. Ct. 864.) Additionally, we note that in *Grissom* the teacher received a full hearing on the merits of his case. For these reasons, we find *Grissom* distinguishable and the respondent's reliance on it unpersuasive.

The petitioner here has alleged that his counselor initiated a criminal escape charge and testified against him before the grand jury which indicted him on that charge. Allegedly, the counselor subsequently sat as the chairman of the adjustment committee which revoked almost one year of his accumulated good-time credit. Accepting these allegations as true for purposes of the motion to dismiss, it appears that the counselor played a substantial part in the circumstances underlying the escape charge that was before the committee. We therefore find that these allegations were sufficient to constitute a

66

cause of action for the deprivation of the petitioner's due process rights and that the petitioner should have been given the opportunity to prove his allegations. Accordingly, we find that the trial court erred in granting the respondent's motion to dismiss.

The judgment of the circuit court of Will County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

BARRY and SCOTT, JJ., concur.