JESSE HILL, Petitioner-Appellant, v. KENNETH McGINNIS, Director of the Illinois Department of Corrections, *et al.*, Respondents-Appellees.

Third District   No. 3—90—0791

Opinion filed January 30, 1992.—Rehearing denied March 6, 1992.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE SLATER delivered the opinion of the court:

The petitioner, Jesse Hill, filed a *habeas corpus* petition seeking the reinstatement of good-time credit and his release from prison. The State filed a motion to dismiss for failure to state a cause of action. The petitioner appeals the order granting the State's motion. We reverse in part and remand.

The record shows that on August 8, 1982, the petitioner began serving a nine-year sentence for armed robbery. He later received

a consecutive two-year sentence for aggravated battery. On March 14, 1990, he filed a *habeas corpus* petition alleging he had been improperly denied good-time credit in four different disciplinary proceedings, three of which are at issue in this appeal. He further alleged that if his good-time credit was restored, he would be entitled to release from the Department of Corrections.

The record shows that on August 14, 1985, the petitioner received a disciplinary report charging him with "assaulting any person," possessing "dangerous contraband," and "violating state or federal laws." Specifically, the report alleged that the petitioner had provided a homemade weapon used in stabbing inmate Vance on March 17, 1985. Based on an investigative report stating that the petitioner had provided the weapon used in stabbing Vance, the adjustment committee (the Committee) found him guilty of the alleged violations. Accordingly, it revoked 360 days of his good-time credit, demoted him to C-grade for 360 days, and placed him in segregation for 360 days.

The *habeas corpus* petition alleged with regard to that incident that the Committee had improperly denied the petitioner's request to interview Silas Mason regarding the offenses. Attached to the petition was a Department of Corrections (the Department) investigative report stating that Richard McGuire admitted stabbing Vance. According to the report, McGuire said that he had received the knife from Silas Mason. Also appended to the petition was an affidavit from Silas Mason stating that the petitioner had not provided him with the weapon used in the assault.

The record next shows that on October 19, 1986, the petitioner received three disciplinary reports charging him with 10 offenses. On October 23, 1986, the Committee found the petitioner guilty of the offenses and revoked 360 days of good-time credit, demoted him to C-grade for 360 days, and placed him in segregation for 360 days.

The *habeas corpus* petition alleged with regard to those incidents that the disciplinary reports were so illegible that the petitioner did not know what he was charged with prior to the hearing. Consequently, he requested a continuance at the beginning of the hearing. The Committee denied the request. After the petitioner filed a grievance concerning the disciplinary reports, the Menard Institutional Inquiry Board found that they were legible.

The record next shows that on January 27, 1990, the petitioner received a disciplinary report charging him with "assaulting any person," creating a "dangerous disturbance," and "intimida-

tion or threats." The allegations arose out of a physical confrontation between the petitioner and Captain Patrick Sullivan on January 26, 1990.

At a hearing on the report, the petitioner admitted hitting Sullivan. However, he said that Sullivan initiated the confrontation by grabbing him and attempting to strike him. Based on the petitioner's admission to a physical confrontation and on various incident reports, the Committee found him guilty of the violations and revoked one year of good-time credit, demoted him to C-grade for one year, and placed him in segregation for one year.

The *habeas corpus* petition alleged with regard to that incident that the Committee improperly refused the petitioner's request to interview William Adkins. Appended to the petition was a Departmental report stating that Adkins was an eyewitness to the incident. Also appended was an affidavit from Adkins stating that Sullivan initiated the confrontation by striking the petitioner, and that the petitioner only struck back in self-defense.

After the *habeas corpus* petition was filed, the State filed a motion to dismiss it for failure to state a cause of action. The trial court granted the motion.

The petitioner argues on appeal that the court erred in dismissing his petition. He first contends that he presented a claim for relief from the 1990 disciplinary proceeding because the Committee improperly refused to call William Adkins.

■■ Since this appeal is taken from a dismissal for failure to state a cause of action, we must consider as true all well-pleaded facts set forth in the petition as well as all reasonable inferences therefrom. (*First National Bank v. Mutual Trust Life Insurance Co.* (1988), 122 Ill. 2d 116, 522 N.E.2d 70.) The petition must be construed liberally, especially since it was filed by an inmate. (*Smallwood v. Fornaciari* (1986), 149 Ill. App. 3d 79, 500 N.E.2d 637; *Haines v. Kerner* (1972), 404 U.S. 519, 30 L. Ed. 2d 652, 92 S. Ct. 594.) If the petition demonstrates any possibility of recovery, the order of dismissal must be vacated. *First Security Bank v. Bachleda* (1987), 165 Ill. App. 3d 725, 520 N.E.2d 660.

In *Wolff v. McDonnell* (1974), 418 U.S. 539, 41 L. Ed. 2d 935, 94 S. Ct. 2963, the Supreme Court held that an inmate facing revocation of good-time credit is entitled to a due process hearing. At the hearing, he has the right to call witnesses on his behalf, so long as he does not violate institutional safety or correctional goals. (*Wolff*, 418 U.S. at 566, 41 L. Ed. 2d at 956, 94 S. Ct. at 2979.) The Committee's refusal to call an inmate's witness should

be explained either in the record of the disciplinary proceedings or through testimony in court in response to an inmate's challenge to disciplinary proceedings. *Ponte v. Real* (1985), 471 U.S. 491, 85 L. Ed. 2d 553, 105 S. Ct. 2192.

According to the Department's report, Adkins was an eyewitness to the incident. He stated in an affidavit that Captain Sullivan began the physical altercation by attacking the petitioner, and that the petitioner acted in self-defense. Based on the record before us, Adkins appears to have been a material witness, and we find no reason justifying the Committee's refusal to call him. Accordingly, we find that the petitioner stated a claim upon which relief could be granted from the 1990 disciplinary proceeding.

The petitioner next argues that he presented a sufficient claim for relief from the 1986 disciplinary proceeding. He contends that his disciplinary reports were inadequate because they were illegible. The State argues that this issue has been rendered *res judicata* because it was raised in a previous case. *Hill v. Lane* (3d Dist. 1989), No. 3—88—0424 (unpublished order under Supreme Court Rule 23).

We have reviewed the briefs filed in the previous appeal and are satisfied that the issue regarding the 1986 proceeding was litigated at both the trial and appellate court levels. Consequently, the plaintiff's claim as to the 1986 proceeding is barred under the doctrine of *res judicata*. (*Hill v. Lane* (3d Dist. 1989) No. 3—88—0424 (unpublished order under Supreme Court Rule 23).) *Res judicata* applies when there is a final judgment on the merits, an identity of the cause of action in both an earlier and later suit, and an identity of parties in the two suits. *People v. DeJesus* (1989), 127 Ill. 2d 486, 537 N.E.2d 800.

The cause of action in both cases was the same. In both cases, the plaintiff filed a writ of *habeas corpus*. In both cases, the plaintiff claimed that because the October 19, 1986, disciplinary reports were illegible, due process, various regulations, and various statutes were violated. Also, the parties were the same in both cases. The Director of the Illinois Department of Corrections was named a party-defendant in both cases. Thus, the plaintiff's claim as to the 1986 proceeding is barred by *res judicata*. That portion of the order dismissing the claim for relief from the 1986 proceeding is affirmed.

The petitioner further argues that he sufficiently stated a claim for relief from the result of the 1985 disciplinary proceeding.

He asserts that the Committee should have granted his request to interview Silas Mason.

As we have already noted, an inmate has a due process right to call witnesses on his behalf, so long as it is consistent with institutional safety and correctional goals. Here, according to an investigative report, McGuire said that Mason had given him the knife. Mason stated in an affidavit that the petitioner had not given him the knife. Mason therefore appears to have been a material witness, and we see no reason in the record before us for the Committee's refusal to call him. We therefore find that the petitioner has sufficiently stated a claim for relief from the 1985 disciplinary proceeding.

■ The record indicates that the petitioner's maximum release date is August 8, 1993. Since we have found that he stated a claim for relief in two proceedings in which he was denied a total of two years' sentencing credit, we also find that he sufficiently stated a claim for *habeas corpus* relief. (See generally *People ex rel. Johnson v. Pate* (1970), 47 Ill. 2d 172, 265 N.E.2d 144 (stating that relief is available in a *habeas corpus* action where the inmate has shown his right to immediate release).) Having found, contrary to the trial court's determination, that the petitioner has stated claims upon which relief could be granted, we find it unnecessary to address his other arguments. Instead, we reverse in part the order granting the motion to dismiss and remand for further proceedings consistent with this opinion.

The judgment of the circuit court of Will County is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

BARRY, P.J., and STOUDER, J., concur.