**Lawrence JONES, Plaintiff,**

v.

**David C. WATKINS, Deputy Director, et al., Defendants.**

No. 95 C 4574.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 19, 1996.

Lawrence Jones, Menard, IL, pro se.

Susan Takata O'Leary, Illinois Department of Corrections, Chicago, IL, for Defendants.

## *MEMORANDUM OPINION AND ORDER*

ALESIA, District Judge.

Before the court is defendants Douglas M. Read, Keith Cooper, J. Johnson, William Hays, and Sergio Molina's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons that follow, the court grants defendants' motion as modified.

## I. *BACKGROUND*

Plaintiff Lawrence Jones has brought an action against various defendants, including the moving defendants, based on alleged violations of Jones' civil rights under 42 U.S.C. § 1983.[1] Jones alleges that defendants violated his rights to due process and equal protection and to be free from cruel and unusual punishment by conducting prison disciplinary proceedings against and punishing Jones. Jones seeks compensatory and punitive damages and injunctive and declaratory relief against defendants.

Defendants have moved for judgment on the pleadings against Jones, contending that his claim is barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) and *Miller v. Indiana Dep't of Corrections,* 75 F.3d 330 (7th Cir.1996).

---

1. Jones originally brought an action under 42 U.S.C. §§ 1983 and 1986. However, he voluntarily dismissed his section 1986 claim for conspiracy. He also voluntarily dismissed several defendants from his action. Therefore, the defendants now moving for judgment on the pleadings are the only remaining defendants in the case.

## II. *DISCUSSION*

### A. *Basis of and standard for deciding defendants' motion*

Defendants styled their motion as one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). However, as this opinion eventually discloses, the court does not dispose of Jones' case on its merits, and defendants' motion is more in the nature of a motion to dismiss for failure to state a claim. Therefore, this court will treat defendants' motion as one to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Walker v. Carnival Cruise Lines, Inc.,* 681 F.Supp. 470, 472 (N.D.Ill.1987) (a Rule 12(c) motion is inappropriate for preliminary matters, and is ordinarily used for judgments on the merits of a complaint); *Moxley v. Vernot,* 555 F.Supp. 554, 556 (S.D.Ohio 1982) (a challenge to the legal basis of the complaint is more appropriately viewed as a motion to dismiss for failure to state a claim upon which relief can be granted rather than a motion for judgment on the pleadings).

This procedural issue "is of little substantive importance because a Rule 12(c) motion for judgment on the pleadings is subject to the same standard as a motion for dismissal for failure to state a claim." *Seber v. Unger,* 881 F.Supp. 323, 325 (N.D.Ill.1995) (citing *Thomason v. Nachtrieb,* 888 F.2d 1202, 1204 (7th Cir.1989); *Gillman v. Burlington N. R.R. Co.,* 878 F.2d 1020, 1022 (7th Cir.1989)).

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Cromley v. Board of Educ. of Lockport,* 699 F.Supp. 1283, 1285 (N.D.Ill.1988). If, when viewed in the light most favorable to the plaintiff, the complaint fails to state a claim upon which relief can be granted, the court must dismiss the case. *See* FED.R.CIV.P. 12(b)(6); *Gomez v. Illinois State Board of Educ.,* 811 F.2d 1030, 1039 (7th Cir.1987). However, the court may dismiss the com-

plaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### B. *Claim for damages against defendants*

In *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Supreme Court held that habeas corpus is the exclusive remedy of a state prisoner who, through an injunctive action, challenges the fact or duration of his confinement and seeks immediate or speedier release. *Preiser,* 411 U.S. at 487–90, 93 S.Ct. at 1835–37 (finding that state prisoners who sought restoration of good-time credits had no claim under section 1983, but had as sole remedy a writ of habeas corpus). In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court determined that a state prisoner cannot get around the rule of *Preiser* by filing a section 1983 action for damages instead of one asking for injunctive relief.

■ In *Heck,* the Supreme Court held that for a section 1983 plaintiff to be able to recover damages "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [the] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck,* 512 U.S. at ——, 114 S.Ct. at 2372. A claim for damages that calls into question the validity of a conviction or sentence "that has not been so invalidated is not cognizable under § 1983." *Id.*

Therefore, a district court must consider whether a judgment in favor of a plaintiff "would necessarily imply the invalidity of his conviction or sentence." *Id.* If so, the plaintiff has no section 1983 claim for damages unless or until his conviction or sentence has been invalidated. *Id.* However, if the court determines that the plaintiff's action, if successful, would not "demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," the court should allow the action to proceed. *Id.*

In *Miller v. Indiana Dep't of Corrections,* 75 F.3d 330 (7th Cir.1996), the Seventh Circuit held that *Heck* applies equally to administrative rulings. *Id.* at 331. The court stated that the rationale of *Heck* is that "a prisoner should not be able to use a suit for damages to get around the procedures that have been established for challenging the lawfulness of continued confinement." *Id.* Thus, "[i]t is irrelevant whether the challenged confinement is pursuant to a judgment imposing a sentence or an administrative refusal to shorten the sentence by awarding good-time credits." *Id.*

The Seventh Circuit also noted that the issue in deciding whether a case is barred by *Heck* is not the relief sought but the ground of the challenge. *Id.* In *Miller,* the plaintiff sought only damages, but he claimed that as a result of an alleged denial of due process, he was deprived of good-time credits to which he was entitled. *Id.* Consequently, the court found that the plaintiff was challenging the lawfulness of his continued confinement, and "having failed to vindicate the challenge through the proper means[,] he [was] barred from seeking vindication in [his] suit for damages." *Id.*

■ In the present case, Jones alleges that defendants violated his due process and equal protection rights and right to be free from cruel and unusual punishment by their "acts, conduct, or om[ ]issions in finding [Jones] guilty of certain I.D.O.C. rules infractions and subsequently imposing punitive disciplinary sanctions" on Jones. (Compl. ¶ 10.) The sanctions imposed on Jones were 365 days' loss of good-time credit, which translates to an additional one year Jones must serve in prison; 365 days' confinement in segregation; and 365 days' reduction to C-grade, which translates to a year's loss of certain privileges. (Compl. ¶ 29.)

Throughout his complaint, Jones alleges that he was actually innocent of the rules infractions for which he was punished. He alleges that the rules infractions charges were "inappropriate and illegal," and that the

prison Adjustment Committee did not have "any basis whatsoever" in finding Jones guilty of the rules infractions. (Compl. ¶ 37.) Jones alleges that the Adjustment Committee's finding that Jones was guilty of the rules infractions, which resulted from defendants' unlawful conduct, violated Jones' due process and equal protection rights and right to be free from cruel and unusual punishment. (Compl. ¶ 38.)

Jones alleges that the guilty finding against him was "unjust and wrongful." (Compl. ¶ 39.) He alleges that he was "entirely innocent of any wrongdoing," should not have been charged with committing the rules infractions with which he was charged, should not have been found guilty of the rules infractions, and should not have received the severe sanctions that were imposed on him by the Adjustment Committee. (Compl. ¶ 43.) Finally, Jones alleges that he was "innocent of any wrongdoing," and that defendants "violated his civil rights simply to make someone pay for the attack on the inmate" for which Jones was held responsible. (Compl. ¶ 49.)

Considering all of the foregoing allegations, it is clear that Jones seeks damages, at least in part, for what amounts to wrongful confinement. The essence of his complaint is that the charges against him were baseless, and that his rights were violated by the charges, guilty finding, and resultant disciplinary sanctions, including loss of good-time credits. For Jones to establish the basis for his damages claim, he necessarily would have to demonstrate the invalidity of his disciplinary sanctions, including loss of good-time credits. *See Heck,* 512 U.S. at ——, 114 S.Ct. at 2369. That is, if the finding of guilt against Jones and resultant punishment were lawful, Jones would have no injury. *Cf. Horton v. Marovich,* 925 F.Supp. 532, 537–38 (N.D.Ill.1996) (prisoner whose claimed injuries were restraint of liberty, false imprisonment, loss of employment and pursuit of happiness, and other damages would have no injury if his conviction and imprisonment were lawful).

As in *Miller,* Jones seeks damages for alleged constitutional violations, but he claims that as a result of the alleged constitutional violations, he was wrongly found guilty of rules infractions and deprived of good-time credits to which he was entitled. Consequently, as in *Miller,* Jones is challenging the lawfulness of the guilty finding and consequent punishment that lengthened his sentence; and "having failed to vindicate the challenge through the proper means[,] he is barred from seeking vindication in [his] suit for damages." *Miller,* 75 F.3d at 331.

However, unlike in *Miller,* the loss of good-time credits was only one aspect of Jones' punishment. He also received one year in segregation and a reduction in grade. These aspects of his punishment did not result in Jones' sentence being lengthened; consequently, his challenge to these aspects of his punishment does not directly seek damages for an unconstitutional sentence.

But in *Heck,* the Supreme Court did not limit its holding to lawsuits seeking to recover damages only for unconstitutional conviction or imprisonment. Rather, it also expressly included within the holding's ambit lawsuits seeking to recover damages *"for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid."* *Heck,* 512 U.S. at ——, 114 S.Ct. at 2372 (emphasis added). *Heck* explained that this "latter category" included "a § 1983 action that does not seek damages directly attributable to conviction or confinement but whose successful prosecution would necessarily imply that the plaintiff's criminal conviction [or confinement] was wrongful...." *Id.* at —— n. 6, 114 S.Ct. at 2372 n. 6.

In this case, Jones seeks damages for the alleged wrongful deprivation of good-time credits, which resulted in a wrongful lengthening of his prison sentence. But he also seeks damages for "other harm"—that is, confinement in segregation and reduction in grade. That "other harm" was caused by the same actions of defendants that caused the loss of good-time credits. Thus, if defendants' actions in conducting the prison disciplinary proceedings were unlawful, the punishment resulting from the proceedings was unlawful, and the year's lengthening of Jones' sentence would be rendered invalid. In other words, the successful prosecution of Jones' claim for damages not directly attrib-

utable to his lengthened confinement would necessarily imply that his lengthened confinement was wrongful.

Therefore, under *Heck,* Jones cannot maintain a lawsuit for damages for either the loss of good-time credits or for the other punishment.

■ Moreover, the principles of jurisdiction underlying *Heck* and *Preiser* dictate that Jones should not be able to maintain any aspect of a section 1983 damages claim, even an aspect not relating to his sentence, if the section 1983 claim would prevent the state court from deciding issues cognizable in habeas corpus.

Under the principles controlling federal jurisdiction in general and habeas corpus jurisdiction in particular,

> federal courts will not hear a state prisoner's § 2254 claims against a state official until the courts of that state have had the opportunity to identify and remedy any official misconduct. These principles of deference and reticence that guide the federal courts similarly prevent the district courts from considering any issues that could be cognizable in a § 2254 claim until the state prisoner has exhausted his state remedies. If claims under statutes besides § 2254 could be used as instruments to decide issues that would be cognizable in a potential § 2254 action, the pursuit of such claims could promote the evasion of the exhaustion requirement for § 2254. Consequently, a prisoner cannot bring a § 1983 claim that involves issues cognizable in habeas corpus until he complies with the procedural prerequisites for relief under § 2254. A decision on a § 1983 claim brought in this posture would create situations in which a federal court would make an initial, and perhaps a preclusive, ruling on an issue that should first be addressed by state courts.

*Clayton–EL v. Fisher,* 96 F.3d 236, 242 (7th Cir.1996). *See also Preiser,* 411 U.S. at 491, 93 S.Ct. at 1837 (quoting *Younger v. Harris,* 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971)) (rule of exhaustion of state remedies in federal habeas corpus actions "is rooted in considerations of federal-state comity,"

which is defined as "'a proper respect for state functions'").

■ Thus, according to the foregoing principles of jurisdiction and federal-state comity, this court must refrain from deciding an issue in a section 1983 action that could be raised in a habeas petition but first should be addressed by the state courts. If the court fails to exercise such restraint, the court could give preclusive effect to the issue, thereby "undermin[ing] the state court's ability to make an independent determination of issues cognizable in habeas corpus." *Clayton–EL,* 96 F.3d at 242.

In the present case, if the court were to address Jones' damages claim on its merits, the court necessarily would have to address Jones' underlying factual claims regarding the acts, conduct, and omissions of defendants. These same acts, conduct, and omissions of defendants form the basis of Jones' claim for damages based on his loss of good-time credits. As the court has discussed at length, a claim for damages based on the loss of good-time credits attacks the lawfulness of Jones' sentence, and therefore is not cognizable until the sentence, or that aspect of it related to the loss of good-time credits, is invalidated. Consequently, the court cannot decide any issue related to Jones' claim for damages, because to do so could give preclusive effect to issues that must first be addressed by state courts and later in a habeas corpus proceeding.

Finally, to the extent that Jones seeks damages for errors in the procedure used to determine his guilt and impose the punishment that he received, he still cannot maintain his section 1983 claim for damages. It is true that *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), "contemplates an award of damages for procedural error in the conduct of a prison disciplinary proceeding, provided the prisoner avoids attacking the deprivation of good-time credits." *Evans v. McBride,* 94 F.3d 1062, 1063 (7th Cir.1996) (citing *Wolff,* 418 U.S. at 554, 94 S.Ct. at 2973–74). However, where a prisoner contends that procedural errors in the conduct of a disciplinary hearing make the deprivation of good-time credits invalid, *Heck* still governs. *Evans,* 94 F.3d at 1063.

In the present case, the overarching theme of Jones' allegations is that defendants' actions in conducting his disciplinary hearings resulted in a false finding of guilt against and subsequent punishment of Jones. Thus, as in *Evans,* Jones contends that any procedural errors made his punishment, including the deprivation of good-time credits, invalid, and *Heck* governs these claims as well.

For these reasons, Jones cannot maintain any part of his section 1983 claim for damages.

### C. *Construing damages claim as habeas corpus claim*

■ Perhaps recognizing that *Heck* and *Miller* preclude his section 1983 claim for damages, Jones asks the court to construe his section 1983 action as a habeas corpus petition, at least with respect to the year's loss of good-time credits. (See Pl.'s Mot. for Summ.J. and Supporting Mem. of Law at 4.)[2]

■ Even if the court complied with Jones' request, the court would dismiss his habeas corpus claim. A habeas petitioner first must exhaust available state court remedies before seeking relief under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(b); Rule 4, Rules Governing Section 2254 Cases in the United States District Courts; *Rose v. Lundy,* 455 U.S. 509, 515, 102 S.Ct. 1198, 1201–02, 71 L.Ed.2d 379 (1982). A petitioner has failed to exhaust his available state court remedies if he has the opportunity to raise his claim by any available state court procedure but has not yet done so. *Preiser,* 411 U.S. at 494–95, 93 S.Ct. at 1838–39.

In Illinois, a prisoner in Jones' position can file in the state courts a petition for a writ of habeas corpus or mandamus, or for declaratory judgment, seeking review of a prison administrative ruling. *See, e.g., People ex rel. Johnson v. Pate,* 47 Ill.2d 172, 265 N.E.2d 144 (1970), *cert. denied,* 402 U.S. 976, 91 S.Ct. 1679, 29 L.Ed.2d 141 (1971) (stating that relief is available in habeas corpus action where inmate has shown right to immediate release); *People ex rel. Hill v. McGinnis,* 224 Ill.App.3d 658, 167 Ill.Dec. 162, 587 N.E.2d 44 (3d Dist.1992); *Epstein v. Lane,* 189 Ill.App.3d 63, 136 Ill.Dec. 133, 544 N.E.2d 819 (3d Dist.1989) (both addressing inmate's habeas corpus petition seeking reinstatement of good-time credits); *Thompson v. Lane,* 194 Ill.App.3d 855, 141 Ill.Dec. 544, 551 N.E.2d 731 (4th Dist.1990) (addressing inmate's petition for writ of mandamus seeking restoration of good-time credits); *People ex rel. Stringer v. Rowe,* 91 Ill.App.3d 134, 46 Ill.Dec. 582, 414 N.E.2d 466 (3d Dist.1980) (addressing inmate's petition for declaratory judgment seeking restoration of good-time credits).

Jones has sought none of these remedies. Therefore, he has failed to exhaust his administrative remedies, and cannot yet seek habeas relief in federal court. Since Jones is not entitled to relief even if the court considers Jones' section 1983 action as a petition for a writ of habeas corpus, the court declines to do so.

Accordingly, the court dismisses without prejudice Jones' section 1983 claims until such time as the Adjustment Committee's finding of guilt and imposition of sanctions are invalidated.

### D. *Claim for injunctive relief*

In addition to damages, Jones also asks for permanent injunctions against defendants' acts, conduct, or omissions found by the court to be in violation of Jones' constitutional rights, and against any retaliatory actions by defendants against Jones for bringing his action. *Heck* explicitly addresses only section 1983 damage claims, so arguably does not apply to claims for equitable relief. Nonetheless, the court finds that Jones has no section 1983 claim for injunctive relief.

### 1. Injunction against defendants' acts, conduct, or omissions that violated Jones' constitutional rights

■ Jones does not specify what acts, conduct, or omissions of defendants he seeks to

---

**2.** Instead of filing a response to defendant's motion for judgment on the pleadings, Jones filed what he called a motion for summary judgment. In his motion, Jones included a section called "Plaintiff's Reply to Defendants['] Motion for Judgment on the Pleadings." The court considers that section as his response to defendants' motion, and will consider his motion for summary judgment separately. *See* section F. below.

enjoin. If Jones seeks to enjoin defendants from keeping him incarcerated for a year longer than he would have been incarcerated had his good-time credits not been revoked, Jones' claim is precluded by *Preiser,* which holds that habeas corpus is the exclusive remedy of a state prisoner who challenges the fact or duration of his confinement. *Preiser,* 411 U.S. at 488–90, 93 S.Ct. at 1835–37. Jones has not filed a habeas corpus petition. Moreover, as the court discussed above, Jones cannot yet file a habeas corpus petition, since he has not yet exhausted or even pursued his remedies in state court. Thus, Jones has no claim for injunctive relief based on the fact or duration of his confinement.

■ If, on the other hand, Jones seeks to enjoin defendants from again conducting prison disciplinary proceedings against him, or from conducting such proceedings in a way that violates Jones' constitutional rights, or from again placing Jones in segregation or reducing his grade, his claim is moot. To be entitled to injunctive relief, a plaintiff must establish that he "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons,* 461 U.S. 95, 101–02, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983). "Federal courts do not, as a rule, enjoin conduct which has been discontinued with no real prospect that it will be repeated." *Ragsdale v. Turnock,* 841 F.2d 1358, 1366 (7th Cir.1988).

In the present case, each defendant's allegedly unconstitutional conduct towards Jones ended with the disciplinary proceedings against or punishment of Jones. Jones does not allege that defendants' illegal conduct towards him still is occurring. Nor does he allege that he is likely to go through disciplinary proceedings involving the same defendants again. Further, the punishment was imposed August 1, 1994, more than a year before Jones filed his complaint. Jones' year in segregation and year's reduction in grade presumably were over by the time he filed his complaint, and Jones does not allege that he still is being punished for the events that occurred more than two years ago or is likely to be punished again for those events.

Therefore, Jones has not stated a claim for injunctive relief. *Cf. Houston v. Sheahan,* 62 F.3d 902, 903 (7th Cir.1995) (request for injunctive relief by former jail inmate complaining of jail conditions was moot, where former inmate did not allege that he was likely to return to jail). Moreover, even if Jones had alleged that defendants' allegedly unconstitutional acts were capable of repetition, which he did not, his request for injunctive relief still would fail. *See Ragsdale,* 841 F.2d at 1365 (citations omitted) (plaintiff's conclusory assertions that the challenged actions were capable of repetition were not sufficient to avoid mootness).

Accordingly, because nothing remains for the court to enjoin with respect to defendants' acts, conduct, or omissions that allegedly violated Jones' constitutional rights, the court finds that Jones has no claim for injunctive relief.

### 2. Injunction against retaliation by defendants against Jones for bringing his action

■ The only point in his complaint at which Jones mentions retaliation by defendants is in his claim for injunctive relief. Jones alleges no specific acts of retaliation and no facts that indicate that defendants likely will retaliate against Jones for bringing his action. Thus, Jones has not shown that he "has sustained or is immediately in danger of sustaining some direct injury as the result of" retaliation by defendants, or that "the injury or threat of injury [from retaliation is] real and immediate, not conjectural or hypothetical." *Lyons,* 461 U.S. at 101–02, 103 S.Ct. at 1665. Accordingly, no basis exists for the court to grant Jones injunctive relief against some hypothetical retaliation that may never occur.

### E. *Claim for declaratory judgment*

■ Jones asks the court to declare that defendants' acts, conduct, or omissions violated Jones' constitutional rights. As with Jones' claims for damages, principles of federal jurisdiction and federal-state comity also

apply to Jones' claim for declaratory judgment. If the court makes the declaration requested by Jones, the declaration will have the effect of invalidating Jones' punishment, including the revocation of good-time credits, and thus will have the concomitant effect of attacking the duration of Jones' confinement. Jones cannot seek to accomplish by a section 1983 declaratory judgment what he must accomplish solely through a writ of habeas corpus. *See Preiser,* 411 U.S. at 487–90, 93 S.Ct. at 1835–37.

Moreover, if the court makes the declaration requested by Jones, the court necessarily will be deciding issues cognizable in a section 2254 claim. Such a decision "create[s] [a] situation[ ] in which a federal court would make an initial, and perhaps a preclusive, ruling on an issue that should first be addressed by state courts." *Clayton–EL,* 96 F.3d at 242. That is, if Jones brings state court proceedings and a subsequent habeas petition to challenge his loss of good-time credits, whether defendants unconstitutionally deprived Jones of a year's worth of good-time credits will be a crucial issue in the state court and habeas proceedings. If the court decides that issue now, the court will deprive the state courts of first addressing the issue.

Accordingly, the court finds that Jones' claim for declaratory relief is not yet cognizable in federal court.

### F.  *Jones' motion for summary judgment*

Instead of a response to defendants' motion for judgment on the pleadings, Jones filed his own motion for summary judgment, which included a section responding to defendants' motion. In light of the court's opinion that Jones has not stated a section 1983 claim upon which this court can grant relief, Jones' motion for summary judgment is denied as moot.

### III.  *CONCLUSION*

For the foregoing reasons, the court grants defendants' motion for judgment on the pleadings, which the court construes as a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and dismisses plaintiff's cause of action without prejudice. The court denies plaintiff's motion for summary judgment as moot.

