NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190872-U

NO. 4-19-0872

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 22, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| RONNIE HERVEY, | ) | Appeal from |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Livingston County |
| KRISTINA SKEENS, JOHN R. BALDWIN, and | ) | No. 18MR156 |
| MICHAEL MELVIN, | ) | |
|     Defendants-Appellees. | ) | Honorable |
| | ) | Jennifer Hartmann |
| | ) | Bauknecht, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Justices DeArmond and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court reversed and remanded for further proceedings upon reviewing the trial court's dismissal of plaintiff's claim alleging his due process rights were violated when his request to introduce security footage at his disciplinary hearing was denied. The appellate court otherwise affirmed the dismissal of plaintiff's remaining claims.

¶ 2    Plaintiff, Ronnie Hervey, appeals from the dismissal of his complaint against various Department of Corrections (DOC) officials and employees. On appeal, plaintiff argues that contrary to the finding of the trial court, his petition for a common law writ of *certiorari* sufficiently alleged several claims upon which relief could be granted. We affirm in part, reverse in part, and remand for further proceedings.

¶ 3                              I. BACKGROUND

¶ 4                            A. Disciplinary Ticket

¶ 5        On December 9, 2017, plaintiff was incarcerated at Hill Correctional Center (Hill). On that date, plaintiff was allegedly involved in an incident where another inmate was stabbed with a sharp object. Following an investigation, on December 14, 2017, a correctional officer issued plaintiff a disciplinary ticket alleging he violated the following DOC rules: Rule 100 (Violent Assault), Rule 102(c) (Assault), Rule 104 (Dangerous Contraband), Rule 105 (Dangerous Disturbance), and Rule 205 (Gang Activity). Specifically, the correctional officer asserted plaintiff participated in an assault of Sammie Daniels after he saw Daniels fighting with Ramell Sturdivant, who was affiliated with the same gang as plaintiff.

¶ 6        DOC's Adjustment Committee held a hearing on the disciplinary ticket on December 20, 2017. Plaintiff pleaded not guilty to the charges and requested a continuance, which the Adjustment Committee denied. According to the Adjustment Committee's final summary report, plaintiff made the following statement at the hearing:

> "I only jumped in because I was trying to break up the fight. Daniels knocked Sturdivant out and then I stepped in to try to stop it. Daniels was still going after Sturdivant and I did take a swing trying to protect Sturdivant but I missed. I did not have a weapon. Day room was full of inmates. There was another guy trying to break it up too. I don't know if he had a weapon."

The Adjustment Committee found plaintiff guilty based on the statements provided by three confidential witnesses. The confidential witnesses indicated plaintiff participated in the assault and handed the knife he used to stab Daniels to his cellmate, who then hid it underneath the toilet in the upstairs bathroom. The Adjustment Committee found the confidential witnesses' statements to be reliable because they were corroborated by other evidence, including the weapon located after the assault.

¶ 7    Based on its decision, the Adjustment Committee recommended the following disciplinary action for plaintiff: one year of "C grade status," one year of segregation, revocation of six months good-conduct credit, three months of yard restrictions, one year of audio and visual restrictions, and six months of contact visit restrictions. The Chief Administrative Officer, defendant Michael Melvin, concurred with the recommendation.

¶ 8                                B. Grievance

¶ 9    On January 22, 2018, plaintiff filed a grievance challenging the disciplinary proceedings. In his grievance, plaintiff identified several violations of DOC regulations throughout the disciplinary process, including claims of correctional officer misconduct and allegations the Adjustment Committee failed to review security footage from the day room at Hill where the incident took place. According to plaintiff, a review of this footage would exonerate him and cast doubt on the reliability of the confidential sources. Plaintiff requested a review of the security footage, restoration of his good-conduct credit, reduction of his security level, and expungement of the disciplinary ticket from his record.

¶ 10    Upon review, a prison grievance officer recommended denial of the grievance, concluding the final summary report contained sufficient evidence to substantiate the disciplinary ticket. Plaintiff appealed the decision, which the Administrative Review Board (ARB) denied without a formal hearing. The ARB concluded plaintiff's due process rights were not violated and it was satisfied plaintiff had committed the offenses alleged in the disciplinary ticket.

¶ 11                                C. Petition

¶ 12    In September 2018, plaintiff filed a petition for a common law writ of *certiorari* against defendants Kristina Skeens, an Adjustment Committee chairperson; Michael Melvin, the

Chief Administrative Officer; and John Baldwin, the acting Director of DOC. Plaintiff alleged, in part, that defendants violated DOC regulations in the disciplinary proceedings and he was denied his right to due process. In January 2019, defendants filed a motion to dismiss plaintiff's petition under section 2-619 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-619 (West 2018)). Defendants asserted plaintiff's petition must be dismissed because he was not entitled to relief based on the alleged violation of DOC regulations and bias, and he received all of the due process required under *Wolff v. McDonnell*, 418 U.S. 539 (1974). In October 2019, the trial court granted defendants' motion to dismiss, concluding plaintiff was not denied his right to due process and that "the video was not exculpatory evidence and therefore defendants did not have a duty to disclose it to plaintiff." Plaintiff then filed a motion for rehearing, which the trial court denied.

¶ 13        This appeal followed.

¶ 14                                II. ANALYSIS

¶ 15        On appeal, plaintiff argues his complaint sufficiently alleged several claims upon which relief could be granted. Defendants concede plaintiff's due process claim regarding his request to present the security footage as documentary evidence was sufficient to survive a motion to dismiss, and therefore this court should reverse and remand on that issue. Defendants further argue we should affirm the trial court's dismissal of plaintiff's remaining claims. We agree with defendants.

¶ 16                        A. Standard of Review

¶ 17        Initially, we note defendants acknowledge their motion to dismiss should have been filed under section 2-615 of the Procedure Code, as opposed to section 2-619, because it "attacked the sufficiency of [plaintiff's] complaint ***." 735 ILCS 5/2-615, 2-619 (West 2018).

Nonetheless, defendants maintain this improper labeling does not require reversal, as plaintiff ultimately responded to the motion and treated it as a section 2-615 motion. Plaintiff makes no attempt on appeal to challenge the trial court's dismissal order on the ground that defendants filed an improperly labeled motion to dismiss, and the record shows plaintiff consistently treated the motion as a section 2-615 motion. Under these circumstances, we decline to reverse in reliance on defendants' improper labeling of their motion to dismiss. See, *e.g.*, *O'Callaghan v. Satherlie*, 2015 IL App (1st) 142152, ¶ 21, 36 N.E.3d 999 ("A defendant's motion to dismiss is not defeated merely by choosing the wrong statutory mechanism where the plaintiff suffered no prejudice from the improper label."). Therefore, we review *de novo* the question of "whether the allegations of the complaint, taken as true and viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted." *Fillmore v. Taylor*, 2019 IL 122626, ¶ 35, 137 N.E.3d 779.

¶ 18                                    B. Due Process Claims Generally

¶ 19          Ordinarily, the first step in analyzing a procedural due process claim is to determine whether the plaintiff has a constitutionally protected interest. *Hill v. Walker*, 241 Ill. 2d 479, 485, 948 N.E.2d 601, 604 (2011). If no constitutionally protected interest exists, there can be no due process violation. *Id.* In his complaint, plaintiff alleged the revocation of good-conduct credit and the imposition of a one-year term of disciplinary segregation infringed upon his constitutionally protected liberty interest, assertions defendants did not dispute in their motion to dismiss.

¶ 20          The second step in analyzing a procedural due process claim is to determine whether the plaintiff was accorded the procedural protections to which he was entitled. *People v.*

*Morales*, 2015 IL App (1st) 131207, ¶ 20, 24 N.E.3d 1260. In the context of prison disciplinary proceedings, those protections include:

> "(1) advance written notice of the disciplinary charges, (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense, and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action."
>
> *Fillmore*, 2019 IL 122626, ¶ 57 (citing *Wolff*, 418 U.S. at 563-67).

Additionally, to comport with due process, the findings of the disciplinary board "must be supported by some evidence in the record." *Id.*

¶ 21                               C. Violation of Department Regulations

¶ 22            Plaintiff argues the trial court erroneously dismissed his claim that defendant Skeens violated his due process rights when she "omitt[ed] plaintiff's reason for asking [for a continuance] and [a reason for] her decision to deny [the request]" and "omitt[ed] any indication of video existing from the record." Although plaintiff does not specifically argue defendants violated a DOC regulation, defendants argue that to the extent plaintiff alleges such a violation as grounds for his due process claim, he is not entitled to relief. We agree with defendants.

*¶ 23*            In *Fillmore*, the Illinois Supreme Court held that to the extent a plaintiff seeking review of the DOC disciplinary proceedings against him bases his claims on alleged violations of regulations governing those proceedings, he cannot state a claim upon which relief can be granted. See *Fillmore*, 2019 IL 122626, ¶ 55. The *Fillmore* court further clarified that "it is not the violation of the Department [of Corrections] regulations itself that gives rise to a cause of action but, rather, the interest affected by the discipline imposed for that violation." *Id.* ¶ 54. Noting this did not provide "*carte blanche*" for DOC to flout its promulgated regulations, the

*Fillmore* court stated an incarcerated person may appeal the disciplinary proceedings against him through the grievance procedures set forth in subpart F of part 504 of the Illinois Administrative Code. *Id.* (citing 20 Ill. Adm. Code 504.Subpart F, amended at 27 Ill. Reg. 6214 (eff. May 1, 2003)).

¶ 24　　　　In his brief, plaintiff asserts he requested a continuance at his disciplinary hearing because he wanted the Adjustment Committee to review the security footage in advance of its decision. He further argues that in the final summary report, Skeens did not (1) mention why plaintiff requested the continuance, (2) acknowledge the existence of the security footage, or (3) provide a reason for denying the continuance. Plaintiff insinuates there exists a requirement that Skeens and the Adjustment Committee provide this reasoning to him and that their failure to do so constituted a denial of his due process rights. We agree with defendants that to the extent plaintiff claims he was denied due process based on a violation of an unidentified DOC regulation, he has not stated a claim upon which relief could be granted.

¶ 25　　　　　　　　　　　　　　D. Bias

¶ 26　　　　Plaintiff next argues the trial court erred in dismissing his claim that he was denied due process when defendant Skeens omitted from the record his requests to present evidence and witnesses, thus making it appear as though he never made such requests. Defendants respond that the trial court properly dismissed this claim because there is no evidence Skeens deliberately misrepresented that plaintiff never requested to present evidence or witnesses. We agree with defendants.

¶ 27　　　　In *Epstein v. Lane*, 189 Ill. App. 3d 63, 64-65, 544 N.E.2d 819, 820-21 (1989), the Third District stated the following:

"An inmate facing the possible revocation of his good-time is entitled to a hearing conforming with due process. [Citation.] An impartial decision-maker is an important due process requirement. [Citation.] Due process in the context of a prison disciplinary proceeding prohibits those officials who have a direct personal or otherwise substantial involvement, such as major participation in a judgmental or decision-making role in the circumstances underlying the charge, from sitting on the disciplinary body."

¶ 28  Additionally, there is a "strong presumption of honesty and integrity in the decisions of adjudicators." *Naden v. Firefighters' Pension Fund of Sugar Grove Fire Protection District*, 2017 IL App (2d) 160698, ¶ 10, 96 N.E.3d 51. To overcome this presumption, a complainant "must prove that the proceedings were 'tainted by dishonesty or contained an unacceptable risk of bias against [him].' " *Id.* (quoting *Scott v. Department of Commerce & Community Affairs*, 84 Ill. 2d 42, 56, 416 N.E.2d 1082, 1089 (1981)).

¶ 29  Here, the trial court properly dismissed plaintiff's due process claim suggesting Skeens was biased. First, plaintiff offers no support for his bare allegation that Skeens deliberately omitted any reference to his requests to present witnesses or evidence in order to make it appear as though he never made them. Additionally, plaintiff does not claim that Skeens was directly involved in or a witness to the incident alleged in the disciplinary ticket, and therefore should not have participated in the proceedings against him. Accordingly, we conclude the trial court properly dismissed any claim that Skeens was biased or that the disciplinary proceedings were otherwise tainted by dishonesty.

¶ 30  E. Due Process

¶ 31 Finally, plaintiff argues the trial court erred in dismissing his claim that his due process rights were violated when the Adjustment Committee denied him the opportunity to present security footage as documentary evidence and failed to provide an explanation for the denial. Defendants concede this error and argue this court should reverse and remand for further proceedings on this claim. We accept defendants' concession and reverse and remand for further proceedings.

¶ 32 Here, plaintiff alleged defendants violated his due process rights by denying him the opportunity to present evidence—specifically, the security footage of the incident that served as the basis for the disciplinary proceeding—without offering him an explanation for the denial. Defendants concede, and we agree, that by raising this allegation, plaintiff properly stated a claim for a violation of his due process rights, as articulated in *Wolff*, in the revocation of his good-conduct credits and, as a result, he has also stated a claim for a common law writ of *certiorari*. *Fillmore*, 2019 IL 122626, ¶ 67 ("Because plaintiff's complaint has stated a claim for violation of his right to due process in the revocation of his good[-]conduct credits, we find that plaintiff's complaint stated a claim for common-law writ of *certiorari* with regard to his due process claims."). Accordingly, we accept defendants' concession and reverse the portion of the trial court's order dismissing plaintiff's complaint with respect to his due process claim pertaining to the security footage evidence and remand for further proceedings on that claim.

¶ 33                                    III. CONCLUSION

¶ 34 For the reasons stated, we reverse the trial court's dismissal of plaintiff's claim suggesting his due process rights were violated when he was denied the opportunity to present security footage as documentary evidence and remand for further proceedings on that claim. We otherwise affirm the dismissal of plaintiff's remaining claims.

¶ 35        Affirmed in part, reversed in part, and remanded for further proceedings.